UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BENTON ROWLAND,<br><br>    Defendant. | CR. 16-50138-JLV<br><br>ORDER |

**ORDER**

A grand jury indicted defendant Benton Rowland on three counts of aggravated sexual abuse of a minor in 2016. (Docket 2). On the day his trial was set to begin, defendant pled guilty to one count of abusive sexual conduct. (Dockets 194, 196 & 200). The court held a change of plea hearing on November 14, 2019, and accepted defendant's guilty plea. (Dockets 204 & 206). Defendant now moves to withdraw his guilty plea, arguing the life sentence recommended by the federal Sentencing Guidelines is a fair and just reason for withdrawal. (Docket 223). The government opposes withdrawal. (Docket 236). The court denies the motion and sets new sentencing deadlines.

**I.    Facts**

Following his indictment, defendant moved to continue his trial 21 times. At the defense's request, the court set this case for a date certain trial to begin on November 12, 2019. (Docket 156). On the afternoon of November 11—Veterans Day, a federal holiday—defense counsel Jamy Patterson notified

the government that defendant wished to plead guilty.[1] At 4:45 p.m., government counsel notified the court that defendant had signed a plea agreement. The court canceled the trial. Court staff expended significant effort and resources to contact potential jurors, some of whom were traveling to Rapid City, South Dakota, from distant parts of the Western Division. Ms. Patterson informed defense witnesses they were not required to appear.

On the morning of November 12, defendant decided not to plead guilty. The court held a status conference. (Docket 192). At the hearing, the government stated it had first offered the plea deal to defendant in 2017, while he was represented by other counsel. During a recess of the hearing, defendant again changed his mind and decided to plead guilty. The plea agreement was filed that day. (Docket 194).

Defendant agreed to plead guilty to one count of abusive sexual contact, in violation of 18 U.S.C. § 2244(a)(5). (Dockets 194 at ¶ C & 200). Section 2244(a)(5) carries a maximum penalty of life in prison. Defendant also agreed that the sentence recommended by the federal Sentencing Guidelines would be calculated pursuant to U.S.S.G. § 2A3.1. (Docket 194 at ¶ H). The government agreed to recommend a sentence within the Guideline range calculated by the court. Id. at ¶ G.

---

[1]This recounting of the events of November 11 and 12 is derived from statements by counsel during a November 12 status conference. (Docket 192). No transcript has been prepared of the status conference, but the court listened to an audio recording of the hearing.

The court held a change of plea hearing on November 14.  (Docket 204). In its discussion with defendant, the court made the following statements:

- "[I]f you enter a plea of guilty to abusive sexual contact and your sentence is more severe or different from what you expect, that does not permit you take back your guilty plea." (Docket 230 at p. 5).

- "[I]f you plead guilty to abusive sexual contact, paragraph (c) of your plea agreement advises you that the charge carries a maximum sentence of any term of years in prison up to life." Id. at p. 6.

- "[T]he United States and you and Ms. Patterson have an absolute right at sentencing to recommend what type of sentence would be appropriate.  Because the sentencing range is any term of years to life by law.  Now, the federal sentencing guidelines also apply in every case for sentencing." Id. at p. 11.

- "[T]he stipulated offense level, its not binding on me.  The parties can make agreements on how the guidelines should be calculated.  I'm going to calculate them independently with you at the time of your sentencing.  So whatever agreements are made as to the length of sentence between you and the prosecution, or any recommendation you and Ms. Patterson make or [government counsel] makes, none of these things are binding on me." Id. at p. 12.

- "I could sentence you to a longer period of time than you expect or to a lesser period of time than you expect." Id. at p. 13.

- "But again, I can sentence above or below the guideline range under the law, depending on how I view the facts of the case." Id. at p. 15.

- "You have an absolute right to stay with your not guilty plea to the charge in the indictment." Id. at p. 23.

Defendant told the court he understood each of these statements.

3

Defendant entered a guilty plea. Id. at p. 32. He affirmed he freely and voluntarily chose to plead guilty. Id. He agreed that he signed the factual basis statement, see Docket 196, and that the facts in that document were accurate. Id. at p. 33. The court found defendant understood the consequences of his guilty plea. Id. at p. 34. It accepted the plea and adjudged defendant guilty of abusive sexual contact. Id. The court set sentencing for April 6, 2020. (Docket 206).

On January 10, 2020, the United States Probation Office ("USPO") filed a draft presentence investigation report ("PSR"). (Docket 209). The draft PSR recounted extensive sexual abuse committed by the defendant between 2008 and 2014. Id. at ¶¶ 5-25. USPO concluded the base offense level for the Guidelines calculation was 30, pursuant to U.S.S.G. § 2A3.1. Id. at ¶ 30. It applied enhancements for use of force during the assaults, the age of the victim, the control defendant had over the victim and the victim's vulnerable status. Id. at ¶¶ 31-34. These enhancements resulted in an adjusted offense level of 42. Id. at ¶ 37.

USPO also applied the repeat and dangerous sex offender against minors enhancement under U.S.S.G. § 4B1.5, pointing to defendant's years-long history of assaulting the minor victim.[2] Id. at ¶ 38. This enhancement raised

---

[2]As relevant here, a defendant is a repeat and dangerous sex offender against minors if he "engaged in a pattern of activity involving prohibited sexual contact[.]" U.S.S.G. § 4B1.5(b)(1). The Guidelines define a "pattern of activity involving prohibited sexual contact" as two or more separate instances of prohibited sexual contact with a minor. Id. at comment. (n.4(B)(i)).

4

defendant's offense level to 47. Id. Three levels were subtracted to account for defendant's acceptance of responsibility. Id. at ¶¶ 39-40. Finally, defendant's total offense level was reduced to 43, which is the maximum level permissible under the Guidelines. Id. at ¶ 41. Defendant has no state or federal criminal history, resulting in no criminal history points and a criminal history category of I, although he has an extensive tribal criminal history. Id. at ¶¶ 48-49. With a total offense level of 43 and a criminal history category of I, the Guidelines recommended life imprisonment. Id. at ¶ 69.

On February 6, 2020, Ms. Patterson moved to withdraw as counsel, stating defendant wished to withdraw his guilty plea. (Docket 212). Magistrate Judge Daneta Wollmann held a hearing on February 14 and granted the motion. (Dockets 216 & 217). She appointed present defense counsel, Gregory Erlandson, to represent defendant. (Docket 217). Approximately a month after he was appointed, Mr. Erlandson moved to withdraw defendant's guilty plea. (Docket 223). In the motion, Mr. Erlandson stated Ms. Patterson "confirmed and advised that she did not ever believe and, therefore, did not advise [defendant] that he would face a life sentence under the Guidelines." (Docket 224 at p. 3 n.1).

## II. Legal standard

"A defendant may withdraw a guilty plea after it has been accepted by the court, but before the court imposes sentence, if he shows 'a fair and just reason for requesting the withdrawal.'" United States v. White Owl, 932 F.3d 1192,

5

1194 (8th Cir. 2019) (quoting Fed. R. Crim. P. 11(d)(2)(B)).  Although the standard for withdrawal is ostensibly liberal, a "defendant has no automatic right to withdraw a plea."  United States v. Sharp, 879 F.3d 327, 333 (8th Cir. 2018) (internal quotation omitted).  "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." United States v. McHenry, 849 F.3d 699, 705 (8th Cir. 2017) (internal quotation omitted).

> [I]f a defendant shows a fair and just reason for withdrawal, the court must consider other factors before granting the motion, namely, whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion.

Id. (internal quotation omitted).

### III.  Analysis

Defendant offers only one reason justifying withdrawal of his guilty plea. He asserts "he would not have entered a plea if he had known the *only* possible Guideline sentence was life in prison."  (Docket 224 at p. 3) (emphasis in original).  In fact, defendant appears to believe the life sentence recommended by the Guidelines is mandatory.  See, e.g., id. at p. 4 ("[N]either the government nor [defendant] believed the Guidelines would result in only *one possible sentence* of life."); id. ("[T]he minimum *mandatory* sentence of life . . . ."); id. at p. 5 (defendant fired Ms. Patterson "based upon his failure to be advised of the *mandatory* life sentence."); Docket 238 at p. 3 ("[Defendant] was not advised the

6

direct consequence of his plea would be that *his only sentence possibility* was life."); id. at p. 8 ("Defendant would never have accepted a Plea Agreement *mandating life in prison.*") (emphasis added to all).   Defendant's confusion is not a fair and just reason to withdraw his guilty plea.

First, the Guidelines are not mandatory in this case (or any other).   In 2005, the Supreme Court made "the Guidelines effectively advisory."   United States v. Booker, 543 U.S. 220, 245 (2005).   A sentencing court must "consider Guidelines ranges" but may also "tailor the sentence in light of other statutory concerns[.]"   Id.   The court is not bound to sentence defendant to life in prison.   In fact, the court routinely varies from the applicable Guidelines range to sentence in accordance with 18 U.S.C. § 3553(a).

Second, the United States Court of Appeals for the Eighth Circuit holds erroneous predictions about the Guideline calculation is not a fair and just reason to withdraw a guilty plea.

> A defendant may not withdraw a plea, however, merely because he misunderstands how the sentencing guidelines will apply to his case.  So long as the district court tells a defendant the statutory range of punishment that he faces and informs him that the sentencing guidelines will be used in determining the ultimate sentence, the plea is binding.  This is true even where the misunderstanding is caused by defense counsel's erroneous estimation of what the ultimate sentence will be.

United States v. Ramirez-Hernandez, 449 F.3d 824, 826 (8th Cir. 2006) (citing United States v. Burney, 75 F.3d 442, 445 (8th Cir. 1996)).   This rule is not a suggestion to district courts for how to exercise their discretion in resolving a motion to withdraw a guilty plea.   It is binding "circuit precedent" that the

7

Eighth Circuit has refused to undermine. United States v. Briggs, 820 F.3d 917, 920 (8th Cir. 2016).

Here, the court advised defendant he could be sentenced to any term of years up to life under the applicable statute. It also informed him it would calculate the Guidelines range and use it in determining his sentence. Accordingly, "the plea is binding." Ramirez-Hernandez, 449 F.3d at 826. Defendant did not show a fair and just reason to withdraw his plea and the court need not consider other factors, such as prejudice to the government.[3] United States v. Teeter, 561 F.3d 768, 770 (8th Cir. 2009).

## ORDER

For the reasons given above, it is

ORDERED that defendant's motion to withdraw his guilty plea (Docket 223) is denied.

IT IS FURTHER ORDERED that defendant's motion for an extension of time in which to object to the draft presentence investigation report (Docket 237) is granted. The following sentencing deadlines shall apply:

---

[3]The court does not find in defendant's briefing an allegation that Ms. Patterson provided ineffective assistance of counsel by failing to advise him of the possibility his Guidelines range could be life. Nor does he ask for an evidentiary hearing where a record on such a claim could be developed. This case is thus distinguishable from United States v. Marcos-Quiroga, upon which defendant relies. There, the district court permitted the defendant to withdraw his guilty plea upon a finding that defense counsel was constitutionally deficient for advising the defendant he "could not be sentenced as a career offender[.]" 478 F. Supp. 2d 1114, 1143 (N.D. Iowa 2007).

1. The parties shall file any objections to the draft presentence investigation report by **June 19, 2020**.

2. The final presentence investigation report, motions for departure or variance or sentencing memoranda and all other sentencing related documents shall be filed by **July 24, 2020**.

3. The sentencing hearing and any associated evidentiary hearing shall be held on **Friday, July 31, 2020 at 1:30 p.m.**, in Courtroom 1 of the Andrew W. Bogue United States Courthouse, 515 Ninth Street, Rapid City, South Dakota.

Dated May 21, 2020.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        UNITED STATES DISTRICT JUDGE