UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>BENTON ROWLAND,<br><br>          Defendant. | CR. 16-50138-JLV<br><br>ORDER |

On May 15, 2017, Defendant Benton Rowland was sentenced to 240 months custody for his conviction of abusive sexual contact in violation of 18 U.S.C. §§ 2244(a)(5) and 1153.  (Docket 264).  On March 25, 2022, the United States Court of Appeals for the Eighth Circuit denied defendant's direct appeal and affirmed the sentence imposed.  (Docket 277).  The judgment of the Eighth Circuit was entered the same day.  (Docket 278).  The mandate of the Eighth Circuit was entered on May 24, 2022.  (Docket 279).

On January 18, 2023, Mr. Rowland filed a motion for extension of time to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255.  (Docket 280).  Mr. Rowland requests an extension of 90 days to file his petition "to research his recent discovery" and because he "has limited access to the law library as it contains 10-15 computers to facilitate over 1100 inmates here at FCI Sandstone" and his computer time is limited to two-hour sessions.  Id. at pp. 1-2.  Mr. Rowland's motion represents he believes he has a meritorious claim as "an [a]ctual[] [i]nnocent defendant."  Id. at p. 1.

Equitable tolling of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132 (1996), is available to a § 2255 petitioner.  United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005).  "Equitable tolling should only apply where the petitioner or movant has demonstrated diligence in pursuing the matter."  Id. at 1095.  "The one-year statute of limitation may be equitably tolled only if [the movant] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013) (internal quotation marks omitted; citing Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

"[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed."  Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001) (citing United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000)).  "Prior to an actual filing, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory."  Id. (citing Leon, 203 F.3d at 164; internal quotation marks omitted).

"It is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest."  Id. at 83 (internal quotation marks and citation omitted; referencing Haines v. Kerner, 404 U.S. 519, 520 (1972) (The allegations in a *pro se* complaint are "h[e]ld to less stringent standards than

2

formal pleadings drafted by lawyers"); brackets and other references omitted). "Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required, under Haines to treat that motion as a substantive motion for relief under section 2255."  Id.  "[If[ the motion contains allegations supporting a claim for relief under section 2255 . . . the district court should construe it as such, and then decide whether the motion is timely."  Id.  "If it does not, the district court has no jurisdiction under Leon to consider the motion."  Id.  If the motion for an extension of time to file a § 2255 petition does not contain a single reference to any cognizable claim under § 2255, the court does not err by dismissing the motion.  Id. at 84.

In this case, Mr. Rowland's motion for an extension offers an allegation of the claim for relief which he intends to assert under § 2255, that is, actual innocence.  (Docket 280 at p. 1).  The court concludes the motion could be liberally construed to be a § 2255 motion.  Green, 260 F.3d at 83.  Because the court has jurisdiction to consider Mr. Rowland's motion, the court finds the motion is timely as it was filed 7 months and 25 days after the mandate of the Eighth Circuit.  28 U.S.C. § 2255(f)(1) ("A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from . . . the date on which the judgment of conviction becomes final[.]".  Accordingly, it is

ORDERED that defendant's motion (Docket 280) is granted.

IT IS FURTHER ORDERED that on or before **June 26, 2023**, Mr. Rowland shall file an amended application on the form available from the Clerk of Court which complies with Rule 2 of the Rules Governing Section 2255 Proceedings.

IT IS FURTHER ORDERED that Mr. Rowland's motion (Docket 280) and a copy of this order shall be opened by the Clerk of Court as a new § 2255 case captioned <u>Benton Rowland, Petitioner, v. United States, Respondent</u>, and all further pleadings shall be filed in that case.

IT IS FURTHER ORDERED that the Clerk of Court shall provide a copy of this order, together with a copy of a § 2255 application, to Mr. Rowland.

Dated February 23, 2023.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE